**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| James D. Lewis (B-52327), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50109 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| State of Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's failure to inform the court about his accumulation of three dismissals under 28 U.S.C. § 1915(g) and his failure to provide his litigation history constitute a fraud on the court and warrant immediate dismissal. He is again advised he has had at least three of his federal cases dismissed under § 1915(g). Before proceeding with another action in federal court, he must notify the court of his accumulation of three § 1915(g) dismissals and, if he seeks to proceed *in forma pauperis*, he must satisfy the requirements of that provision. Plaintiff's motion to proceed *in forma pauperis* [#3] is denied. Although the current case cannot proceed and plaintiff's request to proceed *in forma pauperis* is denied, he is still responsible for its filing fee, and the clerk is directed to send a copy of this order to trust fund officials at Dixon Correctional Center so that the filing fee for this case can be added to plaintiff's other filing fee obligations. Trust fund officials at Dixon are authorized to collect monthly payments from plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of this Court each time the amount in the account exceeds $10 until the full $400.00 filing fee for this case is paid. Civil case terminated.

## STATEMENT

Plaintiff James Lewis, an Illinois prisoner currently incarcerated at Dixon Correctional Center, has submitted another 42 U.S.C. § 1983 civil rights action. According to the Public Access to Court Electronic Records ("PACER") website, plaintiff has filed at least 20 suits in federal court. The current complaint lists the following defendants: the State of Illinois, Governor Bruce Rauner, Illinois Attorney General Lisa Madigan, and several unknown members of the Illinois Board of Elections. Plaintiff asserts he and other prisoners are being denied their constitutional right to vote. Former Secretary of State Hillary Clinton, presumably the person plaintiff wants to vote for, is also listed as a plaintiff. He seeks $1,000,000,000 in damages for not being able to vote for the last ten years.

This case must be immediately dismissed based on the fact that plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g) but failed to inform the court of this information. *See Lewis v. Dart*, No. 10-cv-4247 (N.D. Ill. July 22, 2010) (dismissing complaint for failure to state

a claim); *Lewis v. Alvarez*, No. 10-cv-4540 (N.D. Ill. July 29, 2010) (same); *Lewis v. Unknown Party*, No. 13 C 1339 (S.D. Ill. Jan. 22, 2014) (same); *Lewis v. State of Illinois*, 12-cv-1023 (N.D. Ill. June 27, 2012) (same, and plaintiff was notified he accumulated three strikes); *see also Lewis v. Godinez*, 13-cv-1439 (C.D. Ill. Oct. 21, 2013) (plaintiff was admonished that he had to inform courts he had at least three § 1915(g) dismissals).

Plaintiff has been advised several times of his need to inform courts of his accumulation of three § 1915(g) dismissals. Yet he continues to file suits without providing this information. In fact, no information is given about his prior cases. A litigant's failure to inform that he has received at least three dismissals under § 1915(g) is considered a fraud on the court which warrants "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Also considered a fraud upon the court warranting dismissal is the failure to give a complete litigation history as instructed in the court's form complaint. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Plaintiff's passing direction to this court for it to look for prior cases with plaintiff's identification number does not satisfy the requirements and instructions of the court's form complaint and *Hoskins*. Plaintiff's case is thus dismissed with prejudice. He is again advised that he must disclose his litigation history and his accumulation of three § 1915(g) dismissals when bringing suits or appeals in federal court.

Accordingly, for the above stated reasons, the complaint is dismissed with prejudice. All pending motions are denied. This case is closed. If plaintiff wishes to appeal the dismissal of this case, he must file a notice of appeal with this court within thirty days of the entry of this order. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Also, if the appeal is found to be non-meritorious, it could be considered as another dismissal under § 1915(g). If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: 5/09/2016                          ENTER:

*Philip G. Reinhard*

_____
United States District Court Judge